UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MARLENE MIELE,

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**

07 Civ. 3227 (CM)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/08

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Plaintiff Marlene Miele ("Miele"), proceeding pro se, brings this action, pursuant to the Old-Age, Survivors and Disability Insurance Benefits ("OASDIB") program of the Social Security Act, 42 U.S.C. §§ 401-434, as amended, to obtain judicial review of the final determination of the Commissioner of Social Security (the "Commissioner"), that waiving recovery of the overpayment of benefits made to Miele was not warranted. The Commissioner filed an answer to Miele's complaint, through which he requested affirmance of his determination and dismissal of the complaint. On September 4, 2007, the Court directed the parties to file any motion for judgment on the pleadings, the response to the motion and any reply. Thereafter, the Commissioner made a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), seeking affirmance of his final determination. Although the Court directed

[MEMO ENDORSED]

[Handwritten endorsement:]
6/9/2008 I have reviewed the Report. The time for filing objections passed on 5/27/2008, and none were filed. I also note that plaintiff defaulted before the Magistrate Judge. I see no error in Magistrate Judge Fox's reasoning. I therefore accept the Report and adopt it as the opinion of the Court. Defendant's motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment for defendant and to close the file.
                                                     Colleen McMahon USDJ

the plaintiff to respond to the motion and enlarged time for her response, she failed to do so. The Commissioner's motion is addressed below.

## BACKGROUND

*Administrative Proceedings*

Miele was married to Dennis Joseph Miele in 1986. (Tr. 18). The marriage ended when Miele's husband expired on April 15, 1999. (Tr. 18). Miele and her deceased husband had one child, who, at the time of the husband's death, lived with Miele. (Tr. 17-18). That child was born on July 16, 1989. (Tr. 20). On April 26, 1999, Miele filed an application with the Social Security Administration ("SSA") for child insurance benefits under OASDIB. (Tr. 17). The application was granted, and Miele started receiving benefits from SSA for the child. (Tr. 86).

In April, June and August 2002, SSA notified Miele that it overpaid her benefits for the years 2000, 2001 and 2002. (Tr. 79, 82-83, 86). On September 25, 2003, Miele filed a request that SSA waive recovery of the overpayment. (Tr. 28-35). On February 19, 2004, Miele filed another overpayment recovery waiver request with SSA. (Tr. 40-47).

On January 5, 2005, Miele appeared before an SSA specialist for a personal conference. (Tr. 130-32). The SSA specialist determined that Miele was not without fault in causing the overpayment of benefits for the years 2000 through 2002, because she failed to notify SSA timely of the changes in her earnings for those years. (Tr. 132). On January 7, 2005, SSA sent Miele a Personal Conference Notice, confirming the decision to deny her waiver request and informing her that she had a right to request that the decision be reviewed by an administrative law judge ("ALJ"). (Tr. 130). Miele requested such a review, and the request was granted. (TR. 133).

An ALJ conducted a hearing on September 7, 2006, to review the waiver denial decision.

2

(Tr. 202-14). Miele appeared at the hearing, after waiving her right to be represented by counsel. (Tr. 204-05). On September 29, 2006, the ALJ determined that Miele was at fault in causing and accepting the overpayment of benefits and denied her request that SSA waive recovery of the overpayment it made to her. (Tr. 14-16). On November 16, 2006, Miele requested a review of the ALJ's determination by the Appeals Council, Office of Disability Adjudication and Review. (Tr. 10). On January 25, 2007, the Appeals Council denied Miele's review request, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. 5-9).

*The ALJ's Decision*

The issue before the ALJ was whether Miele was entitled to a waiver of SSA's overpayment of benefits to her, incurred in the years 2000, 2001 and 2002. (Tr. 14). In evaluating the evidence before him, the ALJ noted that the amount of benefits allowed for those years was: (a) $10,080 for 2000; (b) $10,680 for 2001; and (c) $11,280 for 2002. (Tr. 15). According to the ALJ, since Miele's earnings exceeded the allowable amounts for these years, under SSA's annual earnings test, Miele had periods of ineligibility for benefits in all three years. (Tr. 15). Despite her ineligibility, the ALJ noted, Miele was paid for all of 2000, 2001 and until July 2002, thus incurring an overpayment of $11,802. (Tr. 15).

In determining whether Miele was at fault in causing the overpayment, the ALJ found that SSA's earnings test was indicated clearly on Miele's benefits application, which she signed, and that if she was unclear about it, she should have sought further explanation, which might have prevented the overpayment. (Tr. 15). The ALJ determined that Miele was at fault because: (1) she failed to provide necessary material information, i.e. notice of her excess earnings; and (2) she should have known that her earnings affected her payment status. (Tr. 15). Since Miele

3

was at fault, the ALJ noted, no need existed to analyze her ability to repay. (Tr. 15). The ALJ determined that waiving recovery of the overpayment was not warranted, and that the overpayment would be recouped at the rate of $50 per month. (Tr. 15-16).

## DISCUSSION

*Standard of Review*

Fed. R. Civ. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In determining a motion under Fed. R. Civ. P. 12(c), a court is required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in favor of the nonmoving party. See Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002).

The Social Security Act provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The findings of the Commissioner as to any fact are conclusive, if they are supported by substantial evidence. See 42 U.S.C. § 405(g).

"The court may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Services, 733 F.2d 1037, 1041 (2d Cir. 1984). A "district court must uphold a decision by the [Commissioner] that a claimant was not without fault if it is supported by

4

substantial evidence in the record as a whole, because that determination is factual in nature." Id. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217 [1938]). "The substantial evidence standard applies not only to the Commissioner's findings of fact, but also to [the Commissioner's] inferences and conclusions, which must be affirmed even where the Court's own analysis may differ." Toribio v. Barnhart, No. 02 Civ. 4929, 2003 WL 21415329, at *2 (S.D.N.Y. June 18, 2003). A failure, during the administrative process, to adhere to procedural requirements imposed by the regulations promulgated under the Social Security Act is treated as a legal error. See Thomas v. Barnhart, No. 01 Civ. 518, 2002 WL 31433606, at *4 (S.D.N.Y. Oct. 30, 2002).

OASDIB provides that no adjustment of payment or recovery by SSA will be made in any case where: (1) an overpayment has been made to a person who is without fault; and (2) adjustment or recovery would either defeat the purpose of the Social Security Act or be against equity and good conscience. See 42 U.S.C. § 404(b), 20 C.F.R. § 404.506(a). Determining whether a person was without fault is governed by the regulations, promulgated under OASDIB. See 20 C.F.R. §§ 404.506 and 404.507. A person is at fault when an overpayment resulted from: (a) an incorrect statement made by the person which she knew or should have known to be incorrect; (b) failure to provide information which she knew or should have known to be material; or (c) acceptance of a payment which she either knew or could have been expected to know was incorrect. See 20 C.F.R. § 404.507.

In determining fault, it is appropriate for a district court to consider all relevant

5

circumstances, including a person's age and intelligence, and any physical, mental, educational or linguistic limitations of the individual. See 20 C.F.R. § 404.507. "No showing of bad faith [on the part of the overpayment recipient] is required; rather, an honest mistake may be sufficient to constitute fault." Center v. Schweiker, 704 F.2d 678, 680 (2d Cir. 1983). That SSA may have been at fault does not absolve the benefits' recipient from liability if the recipient was at fault. See id. The benefits' recipient bears the burden of showing that she is without fault. See id.

Miele signed the benefits application, which informed her of the obligation to report her earnings to SSA, a fact considered by the ALJ in his determination. Miele testified, at the hearing before the ALJ, that she is "a semi-intelligent woman." Notwithstanding, she also testified that, at the time of the hearing, she had two jobs as: (1) a secretary, in a physical therapy office; and (2) an addiction counselor, which she performs on weekends. Miele also testified at that hearing that she had no doubt she was informed by SSA, during the initial hearing concerning her benefits application, that "if you make over a certain amount, you need to contact Social Security because then they deduct." No evidence in the record suggests that any physical, mental, educational or linguistic limitations existed at the time Miele signed her benefits application and interviewed with SSA in connection with it or that any limitations respecting her age or intelligence existed that affected her cognitive abilities at any pertinent time. The record evidence demonstrates it is undisputable that Miele knew or should have known that she was required to report her excess earnings to SSA.

Miele contends she did not intend to cause the overpayment, which was "blighted by lack of a timely notification by [ SSA]." However, neither the lack of intent to cause an overpayment nor the fact that SSA might have been at fault, by failing to provide notification of overpayment

6

to Miele timely, is relevant to Miele's burden of establishing that she was without fault. The record evidence establishes that: (i) Miele knew or should have known of her responsibilities to report her earnings to SSA; and (ii) she accepted the payments which she knew or could have been expected to know were incorrect. Accordingly, the Court finds that substantial evidence supported the ALJ's determination, that Miele was not without fault in causing and accepting the overpayment of benefits to her, and that waiving recovery of the overpayment was not warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's motion, for judgment on the pleadings, made pursuant to Fed. R. Civ. P. 12(c), be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon 500 Pearl Street, Room 640, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge McMahon. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      May 7, 2008

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Marlene Miele
Susan D. Baird, Esq.